UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

OSCARFRI PAULA PERALTA,                          :
         Petitioner,                                    :
                                                        :
         v.                                             :        No.    5:26-cv-3387
                                                        :
J.L. JAMISON, *Warden, Federal Detention* :
*Center, Philadelphia*; JOHN E. RIFE,            :
*Acting Philadelphia Field Office Director,*     :
*ICE*; MARKWAYNE MULLIN, *Secretary*             :
*of the Department of Homeland Security*;        :
TODD BLANCHE, *Acting Attorney*                  :
*General of the United States*;                  :
U.S. DEPARTMENT OF HOMELAND                      :
SECURITY; and EXECUTIVE OFFICE OF :
IMMIGRATION REVIEW;                              :
         Respondents.                                   :

_____

# O R D E R

**AND NOW,** this 28th day of May, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

Opposition, ECF No. 3;[2] the Petitioner's Reply in Support of his Petition, ECF No. 4; and for the

reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026

---

[1]     Petitioner Oscarfri Paula Peralta, a citizen of the Dominican Republic, entered the United States without inspection on or about December 23, 2022, at the United States-Mexico border. *See* Pet. ¶ 17, ECF No. 1. Petitioner presented himself to DHS officers shortly after entering the country and was detained, processed, placed in removal proceedings, and released, Pet. at ¶ 18, having been paroled into the United States, *id.* at ¶ 20. Since entering the country, Petitioner has lived in Allentown, Pennsylvania, with his wife and cousin. *See* Pet at ¶ 19. On May 15, 2026, Petitioner was arrested and detained by ICE agents while attending a regular check-in. *Id.* at ¶ 21. Petitioner is now being held at Philadelphia Federal Detention Center. *Id.* at ¶ 22. Aside from this arrest and detention by ICE, Petitioner has no criminal record. *Id.* at ¶¶ 19, 53.

    Petitioner is currently being held in ICE custody without bond having been set. Petitioner, through counsel, filed his Petition for Writ of Habeas Corpus on May 18, 2026, in which he alleges that his current detention without a bond hearing violates the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), and the Fifth Amendment Due Process Clause. *See* Pet. at ¶¶ 41-61.

[2]     On May 20, 2026, the Government Respondents filed their Response in Opposition, arguing that the Court should deny habeas relief because: (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) Petitioner's detention does not violate Constitutional due process requirements. *See* ECF No. 3.

WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED,**[4] as follows:

1.    Petitioner Oscarfri Paula Peralta is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2.    **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.    If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.    The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]    These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions represent only two of dozens of analogous cases decided similarly in this District. In a manner consistent with other recent decisions in this District, this Court found that that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). (The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required. The Government chose not to make these arguments in the instant case. *See* ECF No. 3, at 4 n.4.)

[4]    Petitioner's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA or violations of his Fifth Amendment due process rights. The Petition for Writ of Habeas Corpus is granted, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.